[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
After trial, the petitioner was convicted of the crimes of possession of narcotics with intent to sell by a drug-dependent person, carrying a pistol without a permit and criminal possession of a pistol. He was sentenced on March 18, 1988 to a total effective sentence of twelve (12) years. The essential facts of the case are that the petitioner was observed by two Bridgeport policemen to drop a handkerchief from a rear fire escape landing and that the handkerchief contained narcotics and a pistol. The petitioner ran from the scene and was caught after a chase. The petitioner testified in his own defense. No other witnesses testified for the defense. CT Page 4019
The petitioner alleges that trial counsel rendered ineffective assistance in two (2) respects. First, he failed to adequately investigate the case with regard to one Victor Pagan, a potential witness, who allegedly would have rendered the petitioner an alibi defense. Second, because he failed to investigate the availability of Pagan and make a well-informed decision about presenting him as a witness, he misadvised petitioner about testifying in his own defense and, as a result, the petitioner's decision to testify was not made knowingly and intelligently.
The evidence produced during the hearing on the petition for a writ of habeas corpus showed that Pagan was incarcerated at the time of Maldonado's trial. He had been arrested for narcotic-related offenses. Pagan was held in lieu of bond. He had not been convicted of the crimes for which he had been arrested nor had he previously been convicted of any felony. Trial counsel testified that he did not call Pagan because he felt he would not be a good witness. He discussed his concerns with his client, who concurred in the decision not to utilize Pagan at trial. If Pagan could have been a witness for the petitioner. Had he been called, claims the petitioner, who had a prior felony record, he would not have testified. Maldonado stated that the only reason he testified was the absence of any other witnesses to testify on his behalf.
All defendants have a right to the effective assistance of counsel at all critical stages of the criminal process. Strickland v. Washington, 466 U.S. 668 (1984). Effective assistance includes the obligation of trial counsel to adequately investigate the facts of the case and prepare an adequate defense. Siemon v. Stoughton, 184 Conn. 547 (1981). It also includes a right to receive adequate and effective advice about whether or not to testify on one's own behalf.
 "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, supra, 687-88. `The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id., 688. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . .A fair CT Page 4020 assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." (Citations omitted.) Id., 689. "We have long recognized. . .that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim." Engle v. Isaac, supra, 134.
Johnson v. Commissioner, 218 Conn. 403, 425 (1991).
A fair assessment of counsel's performance dictates a conclusion that it was adequate and effective. The petition for a writ of habeas corpus is dismissed.
HON. HOWARD SCHEINBLUM, J. SUPERIOR COURT JUDGE